Good morning, Your Honors. May it please the Court, my name is Laura Barrera. I represent the petitioner appellant, Thomas Harsh. Mr. Harsh's counsel was ineffective when she failed to protect Mr. Harsh from a biased judge. The morning of trial, Judge Douglas Smith made seven different comments pressuring Mr. Harsh to plead guilty, including threatening him multiple times with a likely life sentence if he were to go to trial and be found guilty. He also threatened to duct tape Mr. Harsh's mouth shut. Counsel, before we get to that, I mean you're going to the merits of the case and I understand why, but it's, you were asked to help us with the issue of the voluntary dismissal. You and your co-counsel sent to the Court a request for voluntary dismissal indicating that fees, if any, had been paid, meets the requirements of our rules and FRAP, and it seems to me that that's the end of it. We have no discretion. Would you comment on that please? I believe under Rule 42, because opposing counsel agrees with us that this case should be dismissed, that dismissal is mandatory. So in other words... Why are you arguing the merits? So that's why you're here, because we want to discuss with you the stipulation for voluntary dismissal. I don't know if you know that, because I'm not sure we sent out an order, a focus order on this. But I, what concerned me, and I'm not speaking for the, my colleagues, is that Mr. Harsh, first of all, it was very close to the time of the oral argument, and obviously we had all prepared and sent memos and comment memos and were ready to address the merits. And this came in very late, and there's no Declaration of Mr. Harsh. It's not required, because this is a civil case, technically, but it is the last chance for Mr. Harsh to present a claim on the merits as to the ineffective assistance of his counsel. And so we're just wondering if, I mean, if I will accept the word, the word in person of the Federal Defender for Nevada, that Mr. Harsh does not want to proceed with this, and then you can sit down and go home. But, because if that stipulation remains valid, as Judge Smith says, we don't have discretion. It says the clerk shall dismiss. Yes, I'm happy to talk about the stipulation. We, I understand it was late notice. We had also prepared, but this is my client's wish, and as I stated in my declaration, I gave the dates that we had these conversations. It was July 13th, and when he let us know his intention, we wanted to make sure to talk with him very thoroughly for the reasons you're mentioning, that this is his last chance to appeal these issues. And so we had multiple conversations very quickly, and then determined that he knowingly is making this decision to voluntarily dismiss the appeal. And so we sent, we sent in the stipulation as soon as we could with that information. I did try to get a declaration from him. I have been working on that, but as I mentioned in the declaration, he does work on the railroad and has, you know, different work hours than many people, and I think often doesn't have internet access. But I have talked to him multiple times. He's willing to sign a declaration. It's just been difficult because of his work schedule. Is that what he wants? He wants it dismissed? He does, yes, Your Honor. Okay. Why shouldn't we go ahead and dismiss it if your client wants to? It's not good to proceed on a case where the party doesn't want to proceed, right? Agreed. The order we received said that a decision would be made after the argument, and so I came here prepared to talk about the merits, but yes, it is our position that because it was a stipulation pursuant to Rule 42, that the dismissal would be mandatory. All right. I just want to hear from your opposing counsel if she agrees with that, and we'll proceed accordingly. Thank you. Good morning, Your Honor. I'm Darielyn Hardcastle from the Attorney General's Office. On behalf of the respondents, the respondents do not have any opposition to the voluntary dismissal, and respondents are unaware of any case in which the court is authorized to proceed when a petitioner wishes to withdraw his appeal. The only other question I have, I just want to confirm what our internal understanding is. There are no fees due in this because he was in form of papyrus. Is that correct? That is correct, Your Honor. Okay. So the rule has been complied with? Yes, Your Honor. Okay. Thank you, Your Honors. All right. Thank you, counsel. All right. Thank you for coming. Appreciate hearing more about the circumstances of the stipulation and confirming our understanding that as a result of that, the dismissal is mandatory. So thank you very much, counsel, and Harsh V. Lawson will be submitted.
judges: Siler, WARDLAW, SMITH